IN RE: AMENDMENT to the SUPREME COURT
PROCEDURES REGULATING PROFESSIONAL CONDUCT
of ATTORNEYS at LAW. PROPOSED NEW SECTION 28
on ATTORNEY TRUST ACCOUNT AUTOMATIC
OVERDRAFT NOTIFICATION, and
TEMPORARY SUSPENSION of AMENDMENT
to MODEL RULE 1.15(d)(1)

Supreme Court of Arkansas
Delivered December 20, 2001

PER CURIAM. By Per Curiam issued July 9, 2001, the Court adopted amendments to the Procedures Regulating Professional Conduct of Attorneys at Law (the "Procedures") and to Model Rule of Professional Conduct 1.15(d)(1), all to be effective January 1, 2002. The amendment to Model Rule 1.15(d)(1) established an automatic overdraft notification reporting requirement for all attorney trust accounts. To implement this new provision in amended Model Rule 1.15(d), a new provision in the Procedures is being considered. Proposed new Section 28 to the Procedures is published today, for public comment. Also attached for comment is a copy of the proposed "Attorney Trust Account Overdraft Reporting Agreement" to be executed by financial institutions desiring to participate in the program and be approved as depositories for attorney trust accounts. The comment period will run through January 18, 2002. Comments on proposed Section 28 (below) should be made in writing and addressed to:

Clerk, Arkansas Supreme Court
Attn: Procedures Regulating Professional Conduct of Attorneys
Justice Building
625 Marshall Street
Little Rock, AR 72201

Because of this action, the effective date of that part of the amendment to Model Rule 1.15(d)(1) set out **in bold wording** immediately below, is hereby suspended until further order of the Court.

Rule 1.15 Safekeeping property.

(d)(1) Each trust account referred to in (a) above shall be an interest-bearing trust account in a bank, savings bank, trust company, savings and loan association, savings association, credit union, or federally regulated investment company, and the institution shall

be insured by an agency of the federal government. **Each such account shall provide overdraft notification to the Executive Director of the Office of Professional Conduct for the purpose of reporting whenever any properly payable instrument is presented against a lawyer trust account containing insufficient funds, irrespective of whether or not the instrument is honored. The financial institution shall report simultaneously with its notice to the lawyer the following information:**

> **(A) In the case of a dishonored instrument, the report shall be identical to the overdraft notice customarily forwarded to the depositor, and should include a copy of the dishonored instrument, if such a copy is normally provided to depositors;**
>
> **(B) In the case of instruments that are presented against insufficient funds but which instruments are honored, the report shall identify the financial institution, the lawyer or law firm, the account number, the date of presentation for payment, and the date paid, as well as the amount of overdraft created thereby.**

* * *

## PROPOSED NEW SECTION 28 TO THE PROCEDURES

Section 28. Attorney trust account and automatic "overdraft" notification procedure.

A. Consent By Lawyers. Every lawyer practicing or admitted to practice in this jurisdiction shall, as a condition thereof, be conclusively deemed to have consented to the trust account overdraft reporting and production requirements mandated by this Section.

B. Overdraft Notification Agreement Required. A financial institution shall be approved as a depository for lawyer trust accounts only if it files with the Arkansas Supreme Court Office of Professional Conduct (the "Office") an agreement, in a form provided by the Office, to report to that Office whenever any properly payable instrument is presented against any lawyer trust account containing insufficient funds, irrespective of whether or not the instrument is honored. The Office may establish additional procedures, to be approved by the Supreme Court, governing approval and revocation of approved status for financial institutions. The

Office shall annually file with the Supreme Court Clerk and the Arkansas IOLTA Foundation, and post on the Court's website, not later than January 1, a current list of approved financial institutions. No attorney or law firm trust account shall be maintained in any financial institution that does not agree to so report and is not approved by the Office. Any such agreement shall apply to all branches of the financial institution and shall not be canceled except upon thirty (30) days written notice to the Office.

C. Overdraft Reports. The overdraft notification agreement shall provide that all reports made by the financial institution to the Office shall be in the following format:

(1) In the case of a dishonored instrument, the report shall be identical to the overdraft notice customarily forwarded to the depositor, and should include a copy of the dishonored instrument, if such a copy is normally provided to depositors;

(2) In the case of instruments that are presented against insufficient funds but which instruments are honored, the report shall identify the financial institution, the lawyer or law firm, the account number, the date of presentation for payment, and the date paid, as well as the amount of overdraft created thereby.

D. Timing of Reports. Reports under subsection 28.C shall be made simultaneously with, and within the time provided by law for notice of dishonor, if any. If an instrument presented against insufficient funds is honored, then the report shall be made within five (5) banking days of the date of presentation for payment against insufficient funds.

E. Costs. Nothing herein shall preclude a financial institution from charging a particular lawyer or law firm for the reasonable cost of producing the reports and records required by this Section.

F. Lawyers who practice law in this state shall deposit all funds held in trust in this jurisdiction in accordance with Rule 1.15(a) of the Model Rules of Professional Conduct in accounts clearly identified as "trust" or "escrow" accounts, referred to herein as "trust accounts," and shall take all steps necessary to inform the depository institution of the purpose and identity of the accounts. Funds held in trust include funds held in any fiduciary capacity in connection with a representation, whether as trustee, agent, guardian, executor or otherwise. Lawyer trust accounts shall be maintained only in financial institutions approved by the Office.

G. Every lawyer engaged in the practice of law in this state shall maintain and preserve for a period of at least five years, after final disposition of the underlying matter, the records of the accounts, including checkbooks, canceled checks, check stubs, vouchers, ledgers, journals, closing statements, accountings or other statements of disbursements rendered to clients or other parties with regard to trust funds or similar equivalent records clearly and expressly reflecting the date, amount, source, and explanation for all receipts, withdrawals, deliveries and disbursements of the funds or other property of a client.

H. Definitions. For purposes of this Section:

(1) Financial institution" includes a bank, savings and loan association, credit union, savings bank, and any other business or person that accepts for deposit funds held in trust by lawyers.

(2) "Properly payable" refers to an instrument which, if presented in the normal course of business, is in a form requiring payment under the laws of this jurisdiction.

(3) "Notice of dishonor" refers to the notice that a financial institution is required to give, under the laws of this jurisdiction, upon presentation of an instrument that the institution dishonors.

(4) "Office" means the Office of Professional Conduct of the Arkansas Supreme Court.

I. The form of the "Attorney Trust Account Overdraft Reporting Agreement" attached hereto, and as may be subsequently revised, is approved for use.

J. Disapproval or Revocation of Approval of Financial Institutions.

(1) Refusal of the Office to approve a financial institution due to failure of the financial institution to timely submit an initial properly executed written agreement on the form approved by the Court or the Office is not appealable or otherwise subject to challenge, including by civil action in any court.

(2) Approval of a financial institution shall be revoked and the financial institution removed from the list of approved financial institutions if it is found by the Executive Director to

have engaged in a pattern of neglect or to have acted in bad faith in not complying with its obligations under the written agreement.

(3) The Executive Director of the Office shall communicate any decision to revoke approval to the financial institution in writing by certified mail at the address given on the agreement. The revocation notice shall state the specific reasons for the revocation decision and advise of any right to reconsideration or review. The financial institution shall have thirty (30) days from the date of receipt of the written notice to file a written request with the Executive Director seeking reconsideration of the Executive Director's decision or a review of that decision by a panel of the Committee on Professional Conduct. The financial institution may request a review by either ballot vote of a panel or a public hearing before a panel, following the Procedures. The decision of the panel shall be final and not subject to any review. The approved status of the financial institution shall continue until such time as this review process is final.

(4) Once the approval of the financial institution has been finally revoked, the institution shall not thereafter be approved as a depository for attorney trust accounts until such time as the financial institution petitions the Office for new approval, including in the petition a plan for curing any deficiencies that caused its earlier revocation and for periodically reporting compliance with the plan in the future, and approval is granted.

(5) Within fifteen (15) days of receipt of the notice of revocation, or final order of revocation if reviewed by a panel, of its approved status, a financial institution shall give written notification of the revocation action to all holders of attorney trust accounts on deposit with the financial institution, and file a report with the Office of all such attorney notification contacts within thirty (30) days of the date of receipt by the financial institution of the notice or final order of revocation.

(6) Any attorney or law firm receiving notification from a financial institution that the institution's approval as a trust account depository has been revoked shall remove all trust accounts from the financial institution within thirty (30) days of receipt of such notice or by such later date as is required for the payment of all outstanding items payable from the trust account, and shall send written notice of compliance to the

Office, including the name and address of the new trust account depository institution.

(7) Failure of any financial institution, attorney, or law firm to comply with the provisions of Section 28 may be treated as contempt of the Arkansas Supreme Court upon petition by the Office, and punished as such upon a finding of contempt.

## Commentary to Section 28:

1. This Section is generally based on Rule 29 of the Model Rules for Lawyer Disciplinary Enforcement (1996) of the American Bar Association's Standing Committee on Professional Discipline.

2. This Section establishes that consent to the reporting and production requirements mandated by amended Model Rule 1.15 is a condition of the privilege to practice law in Arkansas. This condition is intended to protect financial institutions from claims by lawyer-depositors based on disclosures made by financial institutions, provided that the disclosures are in accordance with this Section. Parties to an overdraft notification agreement are the Court, through its Office of Professional Conduct, and a financial institution. The consent provision in this Section avoids the necessity for financial institutions to draft separate agreements with lawyers to establish consent to overdraft notification or for the attorney disciplinary office to do so with each attorney.

3. The overdraft notification agreement requires that all overdrafts be reported, irrespective of whether the instrument is honored. In light of the purposes of this Section, and in view of ethical proscriptions concerning the preservation of client funds and commingling of client and lawyer funds, it would be improper for a lawyer to accept overdraft privileges or any other arrangement for a personal loan on a client trust account in exchange for the institution's promise to delay or not to report an overdraft.

4. Absence of discretion makes notification by a financial institution an administratively simple matter. An institution which receives an instrument for payment against insufficient funds need not evaluate whether circumstances require that notification be given; it merely provides notice.

5. It then becomes the responsibility of the disciplinary agency to determine whether further action is necessary. In cases where an

overdraft is a result of an accounting error (caused by either the lawyer or the institution), but notification has already been sent to the Office, the institution should provide the lawyer with a written explanation (preferably, an affidavit from an officer of the institution) that the lawyer can then submit to the Office to verify the error.

6. This Section provides the proper format for overdraft reports. In so doing, the Section distinguishes between dishonored instruments and instruments that are presented against insufficient funds but honored. Where instruments are presented against insufficient funds but paid, the Section specifies the information that the institution should provide.

7. Ordinarily, within 24 hours of dishonor an institution gives notice of an overdraft to a depositor whose account is charged. See Uniform Commercial Code, Section 3-508. This is the same time period in which overdraft notification is given to the Office. Where an instrument presented against insufficient funds is honored, the financial institution should send overdraft notification to the agency within five (5) days of the date of presentation.

8. Upon receipt of an overdraft notification, this Section contemplates that the Office will contact the lawyer or firm by telephone and request an explanation for the overdraft. A letter requesting a documented explanation may also be sent. If the overdraft is an accounting error, the lawyer or firm submits a written explanation, including any documents to substantiate the claim. Where the lawyer or firm cannot supply an adequate or complete explanation for the overdraft, other action may be generated, including an audit or a demand for production of the lawyer's books and records.

9. In addition to normal monthly maintenance fees on each account, a lawyer or firm can anticipate additional fees to be charged by the financial institutions for reporting overdrafts in accordance with this Section. However, because financial institutions already flag overdrafts and returned checks, it appears only slightly more burdensome for the institution to forward a copy to the Office. As a result, the additional cost to the lawyer should not be exorbitant.

10. This Section should not be interpreted to allow a lawyer to permit trust account funds to be reduced through deductions made by a financial institution to cover costs of overdraft notification. Such costs should not be borne by clients.

11. Under the laws of most jurisdictions, the definition of "properly payable" will be contained in section 4-104 of the Uniform Commercial Code.

12. This Section sets forth the requirements for deposit of trust funds in clearly identified trust accounts in approved financial institutions. Funds held not in connection with a representation, such as a trust fund for a lawyer's own spouse or minor child, do not fall under this Section. This Section also does not concern a lawyer's own funds properly held in a non-fiduciary capacity, such as funds in a business or personal account.

13. Under Rule 1.15(a) of the Model Rules of Professional Conduct, trust property may be held outside the lawyer's home jurisdiction upon consent of the client. The overdraft notification rule here governs funds held within the adopting state. A lawyer's obligation to deposit trust funds in an approved institution will arise upon adoption of the overdraft notification rule in a state where the lawyer deposits trust funds, whether that state is the state wherein the lawyer's office is situated or some other state.

14. Under the laws of most jurisdictions, the definition of "notice of dishonor" will be determined by reference to section 3-508 of the Uniform Commercial Code, under which notice must be given by a bank before its midnight deadline and by any other person or institution before midnight on the third business day after dishonor or receipt of notice of dishonor.

## ATTORNEY TRUST ACCOUNT OVERDRAFT REPORTING AGREEMENT

To:       Arkansas Supreme Court Office of Professional
          Conduct (the "Office")
          Justice Building, Room 110
          625 Marshall Street
          Little Rock, AR 72201-1054

The undersigned, being a duly authorized officer of (name of institution)

_____,
a financial institution doing business in the State of Arkansas, and the agent of the named financial institution specifically authorized to enter into this agreement, hereby applies to receive attorney trust accounts in the State of Arkansas. In consideration of approval by the Office of this financial institution, the financial institution agrees

to comply with the overdraft reporting requirements for such financial institutions as set forth in Section 28 of the Supreme Court Procedures Regulating Professional Conduct of Attorneys at Law (Rev. 2002) (the "Procedures"), which is incorporated herein by reference, and any other rules or procedures for overdraft reporting promulgated by the Arkansas Supreme Court or the Office, and any later amendments to such rules or procedures.

Specifically, the named financial institution agrees to report to the Office all events involving trust account instruments, and to report in the following format:

> (1) In the case of a dishonored instrument, the report shall be identical to the overdraft notice customarily forwarded to the depositor, and should include a copy of the dishonored instrument, if such a copy is normally provided to depositors;

> (2) In the case of instruments that are presented against insufficient funds but which instruments are honored, the report shall identify the financial institution, the lawyer or law firm, the account number, the date of presentation for payment, and the date paid, as well as the amount of overdraft created thereby.

All reports shall be made within the following time periods:

> (1) In the case of a dishonored instrument, simultaneously with, and within the time provided by law for, notice of dishonor;

> (2) In the case of an instrument that is presented against insufficient funds but which instrument is honored, within five (5) banking days of the date of presentation for payment against insufficient funds.

This agreement shall apply to all branches of the named financial institution and shall not be cancelled except upon thirty (30) days written notice to the Executive Director of the Office at the address listed above.

Name and address of financial institution:

_____

_____

Date:_____       _____
                            Signature of Authorized Official

Corporate Seal

_____
Printed or Typed Name of Authorized Official


_____
Title or Position of Authorized Official

## ACKNOWLEDGMENT

On this _____ day of _____, 2____, before me, a Notary Public for the State of Arkansas, appeared the above-named individual, known to me to the person executing this instrument, and acknowledged and executed this instrument as his/her free and voluntary act.


_____
Notary Public (signature)

My Commission Expires: _____

## ACCEPTANCE

The above-named financial institution is hereby approved by the Arkansas Supreme Court Office of Professional Conduct as a depository for attorney trust accounts in the State of Arkansas until such time as this agreement is cancelled by the financial institution upon thirty (30) days written notice to the Office, or is revoked by action of the Executive Director of the Office.

Date _____

_____
Executive Director, Office of Professional
Conduct

(01-01-2002 ed.)